IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Carl Johnson,                                Case No. 1:17 CV 2143

               Petitioner,           O R D E R

-vs-

                                    JUDGE JACK ZOUHARY

Warden Lyneal Wainwright,

               Respondent.

Petitioner Johnson seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Magistrate Judge Thomas Parker issued a Report and Recommendation ("R&R") (Doc. 10) that the Petition be denied, and Johnson timely objected (Doc. 11). Having reviewed the R&R and Objections *de novo*, this Court adopts the R&R in its entirety. *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

### BACKGROUND

Johnson does not object to the procedural history set forth in the R&R (Doc. 10 at 2–6). Briefly: An Ohio jury found Johnson guilty of several counts of drug trafficking and one count of having weapons under disability (*id.* at 3). Johnson unsuccessfully challenged these convictions through appeals in the Ohio courts (*id.* at 3–7). He then filed this Petition, asserting four grounds for relief (Doc. 1 at 3–4).

Magistrate Judge Parker found each claim to be procedurally defaulted and meritless. The Objection (Doc. 11) does not set forth any new evidence or arguments that the R&R failed to address. Instead, Johnson claims the R&R's conclusions as to procedural default are incorrect, and then reasserts arguments previously set forth in his Petition.

## DISCUSSION

*All Four Grounds Are Procedural Defaulted*

Johnson raises four grounds: (1) reversible error due to the trial court's failure to suppress his statements; (2) ineffective assistance of trial counsel; (3) insufficient evidence; and (4) ineffective assistance of appellate counsel (Doc. 1 at 3–4). Each is procedurally defaulted.

Procedural default occurs in two ways. A petitioner may default a claim by failing to pursue it through the state's "ordinary appellate review procedures," or by failing to comply with a state procedural rule. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). While Johnson raised the first three claims in his direct appeal, he failed to "fairly present" these claims at each level of the state's ordinary review process. *See O'Sullivan*, 526 U.S. at 848. The time to do so has passed. *See* Ohio S. Ct. Prac. R. 7.01(A)(1), (4); Ohio App. R. 4(A)(1), (B)(2)(d). Johnson argues he presented the claims through his unsuccessful motion for delayed appeal before the Ohio Supreme Court. He did not. *See Wainwright v. Sykes*, 433 U.S. 72, 84–87 (1977).

Ground Four, the only claim Johnson did not raise in his direct appeal, is also defaulted. Johnson first raised the ineffective assistance of appellate counsel claim in his application to reopen his appeal (Doc. 8-1 at 151–54), which the appellate court denied (*id.* at 165–66). Johnson defaulted by failing to appeal that denial to the Ohio Supreme Court. *See Wainwright*, 433 U.S. at 80, 84–87.

### *Johnson Cannot Overcome Default*

Default may only be overcome by "demonstrat[ing] cause for the default and actual prejudice as a result . . . or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* To show prejudice, a petitioner must demonstrate there is "a reasonable probability of a different verdict had the alleged constitutional error not occurred." *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Rather than arguing he had good cause for failing to appeal trial court error to the Ohio Supreme Court, Johnson claims actual innocence (Doc. 10 at 18). However, he provides no new evidence in support. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Johnson next asserts he was unable to timely appeal his claim of ineffective trial counsel to the Ohio Supreme court due to delayed trial transcripts. This too is insufficient. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Johnson correctly observes that to prevail under the manifest injustice exception, he must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent" (Doc. 9 at 2). *Schlup*, 513 U.S. at 327. However, because Johnson offers no new evidence of his actual innocence, he cannot make such a showing. *See id.* at 324 ("[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

3

In reviewing Johnson's sufficiency of the evidence (or manifest weight) claim, the appellate court found "sufficient credible evidence to support the convictions" (Doc. 8-1 at 106). A state court's finding that "the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007). Johnson does not show good cause for his failure to present this claim to the Ohio Supreme Court; nor does he offer any new evidence of actual innocence.

Finally, turning to alleged ineffective appellate counsel, Johnson again offers no new evidence but merely repeats prior arguments (Doc. 14 at 13). He argues delayed receipt of his trial transcripts prevented his timely appeal -- this cannot serve as good cause. *See Bonilla*, 370 F.3d at 498. Second, he claims counsel failed to assert "several integral claims on appeal." The argument is unpersuasive. *See Taylor v. Mitchell*, 296 F. Supp. 2d 784, 809 (N.D. Ohio 2003) ("[P]etitioner's ineffective assistance of appellate counsel claim is procedurally defaulted and petitioner cannot show adequate cause and prejudice to excuse the default. Accordingly petitioner may not use ineffective assistance of appellate counsel to excuse his failure to raise this claim to the Ohio Supreme Court.").

### *Each Ground Is Also Meritless*

This Court may not grant relief unless Johnson proves a state court decision: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Johnson makes no such showing – meaning, if this Court were to excuse default and address the merits of his claims, he still falls short.

**Trial Error.** Johnson argues he did not receive *Miranda* warnings, and therefore, his confession was improperly suppressed (Doc. 1 at 3). In support, he offers only his suppression hearing testimony. At the hearing, the State responded with testimony from the arresting officers,

4

whom the trial court determined to be more credible (Doc. 8-1 at 22). Absent clear and convincing evidence, this Court will not disturb that factual determination. 28 U.S.C. § 2254(e)(1); *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005).

**Trial Counsel.** Johnson must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The appellate court evaluated each of Johnson's claims and found no constitutional deficiency (Doc. 8-1 at 110–113). Because that determination was neither contrary to, nor an unreasonable application of *Strickland*, this Court defers. *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011).

**Sufficiency of Evidence.** This Court must give deference "to the trier-of-fact's verdict" and "to the [appellate court's] consideration of the trier-of-fact's verdict." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (citation omitted). First, the portions of Johnson's claim regarding witness credibility fall outside this Court's review. *Jamieson*, 427 F.3d at 402. Further, as Magistrate Judge Parker notes: (1) the state presented evidence on each element of the offense; (2) the jury convicted Johnson; (3) the trial court denied his motion for acquittal; and (4) the court of appeals found there was sufficient evidence (Doc. 10 at 39). In his objection, Johnson provides no new evidence. Because the appellate court's determination was not "objectively unreasonable," this Court will not disturb it. *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010).

**Appellate Counsel.** This claim is also meritless. Johnson did not have a right to counsel for his appeal to the Ohio Supreme Court. *See State v. Richey*, 73 Ohio St. 3d 523, 523 (1995). The appellate court again applied *Strickland* and disposed of Johnson's claim (*see* Doc. 8-1 at 166). This Court must defer. Further, Johnson fails to show that the outcome would have been different

5

were his counsel to attend oral argument before the appellate court. *See Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

## CONCLUSION

This Court adopts the R&R (Doc. 10) in its entirety. The Objection (Doc. 11) is overruled, and the Petition (Doc. 1) is denied. There is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Further, an appeal from this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  October 31, 2019